IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | PLAINTIFF |
| | § | |
| v. | § | Criminal No. 1:08cr29-HSO-JMR |
| | § | |
| | § | |
| ADNAN DAHAB | § | DEFENDANT |

### ORDER AND REASONS DENYING DEFENDANT'S MOTION FOR A PRETRIAL DETERMINATION OF ADMISSIBILITY OF CO-CONSPIRATOR'S STATEMENTS PURSUANT TO RULE 801(d)(2)(E) OF THE FEDERAL RULES OF EVIDENCE

BEFORE THE COURT is the Motion [15] for a Pretrial Determination of Admissibility of Co-Conspirator's Statements Pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, filed by Defendant Adnan Dahab, on or about April 18, 2008.  The Government filed a Response [24], on or about April 29, 2008.  Defendant filed a Rebuttal [26] on or about May 1, 2008.  After due consideration of the parties' submissions, the record, and the relevant law, the Court is of the opinion that the Motion should be denied.

I. DISCUSSION

Defendant moves the Court for a pretrial evidentiary hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979), to determine the admissibility of any alleged co-conspirator statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence.  The Government asserts that a pretrial determination is not required and that Defendant's Motion should be denied.

For a statement to be admissible under Rule 801(d)(2)(E), "there must be

evidence that there was conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'" *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see also* FED. R. EVID. 801(d)(2)(E)(providing that a statement is not hearsay if the statement is offered against a party and is a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy). The admissibility of such statements is a preliminary question for the court to decide. *See United States of America v. Ho*, No. CR. A. 01-069, 2001 WL 487379, at * 1 (E.D. La. May 7, 2001)(*citing Bourjaily*, 483 U.S. at 175); *see also* FED. R. EVID. 104(a).

"With regard to the procedure for deciding the admissibility of co-conspirator statements, the Fifth Circuit has made it clear that pretrial hearings on the matter are not required." *Ho*, 2001 WL 487379, at *1 (*citing United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992)). Though the Fifth Circuit advised in *James* that "[t]he district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator," it also recognized that it is sometimes not reasonably practicable "to require the showing to be made before admitting the evidence.*" James*, 590 F.2d at 582 (noting that "the court may admit the statement subject to being connected up" at a later time); *see also Fragoso*, 978 F.2d at 900. Consequently, courts within this Circuit are allowed to carry *James* motions "through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be

appropriately made." *Fragoso*, 978 F.2d at 900.  Though there are instances where "judicial economy suggests that express findings on admissibility should be made before the coconspirator statements are introduced," it is a matter "committed to the broad discretion of the trial court." *Id.*

The Court notes that deferring a *James* motion "is particularly appropriate in cases in which holding a pretrial hearing would, in effect, result in trying the case twice and wasting valuable judicial resources and time." *United States v. Carroll*, No. CRIM. A. 99-98, 2000 WL 45870, at * 5 (E.D. La. Jan. 20, 2000)(*citing United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1223 (5th Cir. 1994)); *see also United States v. Acosta*, 763 F.2d 671, 679 (5th Cir. 1985)(upholding the district court's determination that "if we had to have a separate independent hearing insofar as the conspiracy is concerned, we in effect would be trying this lawsuit two times").  Based on the foregoing authorities as well as the circumstances of this case, the Court is of the opinion that it would not be appropriate to conduct an independent pretrial evidentiary hearing.  Furthermore, Defendant's Motion does not present any compelling reason to hold a pre-trial *James* hearing.  The Court will deny Defendant's Motion for a Pretrial Determination of Admissibility of Co-Conspirator's Statements.

## II.  CONCLUSION

Based upon the foregoing, Defendant's Motion for a Pretrial Determination of Admissibility of Co-Conspirator's Statements must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons

stated more fully herein, the Motion [15] for a Pretrial Determination of Admissibility of Co-Conspirator's Statements Pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, filed in the above captioned cause by Defendant Adnan Dahab, on or about April 18, 2008, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of May, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE