IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | PLAINTIFF |
| | § | |
| v. | § | Criminal No. 1:08cr29-HSO-JMR |
| | § | |
| | § | |
| ADNAN DAHAB | § | DEFENDANT |

### ORDER AND REASONS DENYING DEFENDANT'S MOTION IN LIMINE

BEFORE THE COURT is the Motion [18] in Limine, filed by Defendant Adnan Dahab, on or about April 18, 2008.  The Government filed a Response [22] on or about April 25, 2008.  Defendant filed a Rebuttal [23] and an Amended Rebuttal [25], on or about April 28, 2008, and May 1, 2008, respectively.  After due consideration of the parties' submissions, the record, and the relevant law, the Court is of the opinion that the Motion should be denied.

I.  DISCUSSION

Defendant requests that the Court "enter an Order instructing the United States Attorney, his agents and/or witnesses, not to mention or elude to the plea of guilty of any Co-Conspirators implied and/or averred in the instant indictment."  Def.'s Mot. at p. 3.  In particular, Defendant anticipates that the Government will reference the guilty plea of Abbas Chouman ("Chouman") in its case.

It is clear that evidence of the conviction of a co-conspirator is not admissible as substantive proof of the guilt of a defendant.  *See United States v. Valley*, 928 F.2d 130, 133 (5th Cir. 1991)(*citing United States v. Handly*, 591 F.2d 1125, 1128

(5th Cir. 1979)). However, co-conspirator guilty pleas *are* admissible where: (1) the evidence serves a legitimate purpose and (2) a proper limiting instruction is given.[1] *See Valley*, 928 F.2d at 133*(citing United States v. Borchardt*, 698 F.2d 697, 701 (5th Cir. 1983)).

The question before this Court is whether the Government's use of an alleged co-conspirator's guilty plea could serve a legitimate purpose in this case. Under the law of this Circuit, a legitimate reason exists where there is a defensive strategy to emphasize or rely on a co-conspirator's guilt. *See Valley*, 928 F.2d at 133(*citing Handly*, 591 F.2d at 1128). This is true where "[c]ounsel presenting witnesses of blemished reputation...bring out 'such adverse facts as they know will be developed on cross-examination' in order to avoid even the appearance of an 'intent to conceal.'" *Id.* (*quoting Borchardt*, 698 F.2d at 701); *see also United States v. Leach*, 918 F.2d 464, 467 (5th Cir. 1990)(reaffirming the "permissibility of 'blunt[ing] the sword' of anticipated impeachment by revealing the information first.").

Here, Defendant made a request that the Government be estopped from referencing the guilty pleas of co-conspirators and has stated on the record that he has "not indicated" that he would use "Chouman's felony conviction for impeachment

---

[1] In *Valley*, the Fifth Circuit recognized the use of the following factors to evaluate the admissibility of a witness' guilty plea: "the presence or absence of a limiting instruction, whether there was a proper purpose in introducing the fact of the guilty plea, whether the plea was improperly emphasized or used as substantive evidence of guilt, and whether the introduction of the plea was invited by defense counsel." *Valley*, 928 F.2d at 133(*quoting United States v. Black*, 685 F.2d 132, 135 (5th Cir. 1982)). However, the Court simplified the analysis to entail only the first two of these factors, as set forth in this Order.

purposes." *See* Def.'s Mot. in Limine at p. 3 & Def.'s Reb. at p. 2.  However, this limited statement, by itself, is insufficient under the law of this Circuit to preclude the Government's use of such evidence.  *See Valley*, 928 F.2d at 134.  For this reason, the Court must deny Defendant's Motion in Limine.

## II.  CONCLUSION

Based upon the foregoing, Defendant's Motion in Limine must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [18] in Limine, filed in the above captioned cause by Defendant Adnan Dahab, on or about April 18, 2008, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 27th day of May, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE